*Filed in Open Court this 20th day of October.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No 06-45-JJF |
| AMANDA VELEZ, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and Eleni Kousoulis, Esquire, attorney for the defendant, AMANDA VELEZ, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count I of an Indictment charging the defendant with submitting a materially false form to a federally licensed firearm dealer in connection with the attempted acquisition of a firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2). The essential elements of the offense, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant attempted to acquire a firearm from a federally licensed firearm dealer; (ii) the defendant knowingly made a false statement that was likely to deceive a firearm dealer; and (iii) the subject of the false statement was material to the lawfulness of the sale of the firearm. The maximum penalties for Count I are found in 18 U.S.C. § 924(a)(2), and are ten years imprisonment, a

FILED

OCT 20 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

$250,000.00 fine, three years of supervised release following any term of imprisonment, and a $100.00 special assessment.

2. The defendant knowingly, voluntarily, and intelligently admits that on or about April 26, 2005, in the State and District of Delaware, in connection with her attempted acquisition of an F.B. Radom, model 35, 9mm pistol, serial number D4333, she completed and submitted an ATF Form 4473 to federally licensed firearm dealer Miller's Gun Center, Inc., and knowingly and falsely stated on that form that she had not been convicted in any court of a misdemeanor crime of domestic violence, when in fact she knew she had been convicted in the Superior Court of the State of Delaware of a misdemeanor crime of violence on or about August 19, 2004, to wit: third degree assault in violation of 11 Del. C. § 611, the victim of said assault being her then boyfriend, P.W.

3. The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court calculate the appropriate sentence under the U.S.S.G. and impose a sentence consistent with the U.S.S.G.

4. The United States will recommend a two-level reduction in the offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

5. The defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

6. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this

/ / /

Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

COLM F. CONNOLLY
United States Attorney

*Eleni Kousoulis*     By:     *Douglas E. McCann*

Eleni Kousoulis, Esquire            Douglas E. McCann
Attorney for Defendant             Assistant United States Attorney

*Amanda Velez*
Amanda Velez
Defendant

Dated: October 20, 2006

* * *

**AND NOW** this __20__ day of __OCTOBER__, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~rejected~~ by the Court.

*Joseph J. Farnan Jr.*
United States District Judge
District of Delaware